IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALICE MALICOAT, | Case No. 3:17-cv-01796-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CONCEPTS IN COMMUNITY LIVING, INC., a domestic business corporation doing business as The Taft Home; KAREN SHENEFELT, an individual, | |
| Defendants. | |

**BECKERMAN, Magistrate Judge.**

Alice Malicoat ("Plaintiff") brings this action against Concepts in Community Living, Inc. ("CCL"), doing business as The Taft Home ("Taft"), and Karen Shenefelt ("Shenefelt") (collectively, "Defendants"), alleging claims for breach of contract and housing discrimination under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-19, and its Oregon state law equivalent, OR. REV. STAT. § 659A.145. Defendants move to dismiss Plaintiff's claims against Shenefelt for breach of contract and violation of the Oregon Fair Housing Act ("OFHA"), pursuant to FED. R. Civ. P. 12(b)(6); to make Plaintiff's housing discrimination claims more definite and certain, pursuant to FED. R. Civ. P. 12(e); and to strike portions of Plaintiff's complaint, pursuant to FED.

PAGE 1 – OPINION AND ORDER

R. Civ. P. 12(f). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Court grants Defendants' motion to dismiss Plaintiff's breach of contract claim against Shenefelt, denies Defendants' motion to dismiss Plaintiff's OFHA claim against Shenefelt, denies Defendants' motion to make more definite and certain, and denies Defendants' motion to strike.

## BACKGROUND

Taft is an Oregon-based residential care facility. (Compl. ¶¶ 1.3, 2.2.) Shenefelt is a licensed clinical social worker and serves as Taft's director. (Compl. ¶ 2.3.) Plaintiff is a ninety-six-year-old woman who is "visually impaired and uses a wheelchair for mobility." (Compl. ¶ 3.1.) Since June of 2013, Plaintiff has "resided continuously" at Taft. (Compl. ¶ 3.2.) Plaintiff also has a son who resides at Taft and another son who lives nearby and visits often. (Compl. ¶ 3.4.)

At all material times, Plaintiff's relationship with Taft was governed by a Rental and Service Agreement (hereinafter, the "Agreement"). (Compl. ¶ 3.7.) The Agreement provides, *inter alia*, that "Taft may terminate a resident's tenancy and issue a notice of involuntary move out requiring the resident to leave the [facility] within [thirty] days if . . . the resident 'requires two or more persons to provide transfer assistance.'" (Compl. ¶ 3.7.) The Agreement also states that, if the resident objects to the notice, she will "be given the opportunity [to participate in] an informal conference . . . to determine if a satisfactory resolution can be reached.'" (Compl. ¶ 3.8.)

In June 2017, Plaintiff fell while "attempting to transfer from the commode." (Compl. ¶ 3.9.) In July 2017, Plaintiff began to experience "hand contracture, which made transferring from [her] bed to [her] wheelchair[,] or [her] commode to [her] wheelchair[,] more difficult." (Compl. ¶ 3.9.)

PAGE 2 – OPINION AND ORDER

On October 4, 2017, Taft provided Plaintiff with a notice of involuntary move out, which stated that Plaintiff "required the assistance of two people to transfer to her wheelchair" and thus "exceeded the level of services provided by the facility." (Compl. ¶ 3.10.) Taft's notice of involuntary move out also stated that Plaintiff had thirty days to leave the facility. (Compl. ¶ 3.10.)

Plaintiff alleges that, at the time the notice was issued, she "weighed approximately ninety-six pounds and was able to transfer with the assistance of one person." (Compl. ¶ 3.12.) Plaintiff also alleges that she was still able to transfer independently when "supported by bars or another rigid surface." (Compl. ¶ 3.12.) As a result, on October 10, 2017, Plaintiff requested a hearing and an informal conference in order to resolve the issues of whether Taft could "require her to move out" or whether a satisfactory resolution could be achieved (i.e., by providing Plaintiff with "an appropriate bed" that has a firmer mattress, lift mechanism, and/or rigid side bar, which would ensure that she could transfer without the assistance of two people). (Compl. ¶¶ 3.13, 3.15.)

On October 18, 2017, Shenefelt denied Plaintiff's request for an informal conference. (Compl. ¶ 3.14.) The next day, Plaintiff "fell while attempting to transfer" and Shenefelt subsequently denied Plaintiff's request for an accommodation. (Compl. ¶¶ 3.16-.17.) Negotiations continued and Taft ultimately withdrew its notice of move out on November 6, 2017, after being provided with documentation from Plaintiff's "health provider stating that [she] did not require the assistance of two people to transfer," and that her "requested accommodations were related to her disability and necessary for her to have full access to her housing." (Compl. ¶¶ 3.18-.21.) Taft, however, continues to deny Plaintiff's request for accommodation, because

Taft determined that Plaintiff's request "would create a risk of harm to Plaintiff." (Compl. ¶¶ 3.21-.23.)

## ANALYSIS

I. STANDARD OF REVIEW

   A. Motion to Dismiss

The Ninth Circuit has "held that dismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In evaluating the sufficiency of a complaint's factual allegations, district courts must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). District courts "are not, however, required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* Nor are district courts required to accept as true allegations that simply recite the elements of a cause of action. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Ultimately, surviving a motion to dismiss required that the complaint "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

///

///

### B. Motion for a More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "Motions for [a more] definite statement are disfavored and are 'proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted.'" *Ramos v. U.S. Bank Nat'l Ass'n*, No 08-cv-1150-PK, 2009 WL 1475023, at *7 (D. Or. May 20, 2009) (citation omitted). "A motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a)." *Velasquez v. HSBC Fin. Corp.*, No. 08-4592, 2009 WL 112919, at *1 (N.D. Cal. Jan. 16, 2009). "Where the detail sought is available through discovery, the motion should be denied." *Obsidian Fin. Grp., LLC v. Crystal Cox*, No. 11-00057-HZ, 2011 WL 13253340, at *1 (D. Or. May 19, 2011) (citation omitted).

### C. Motion to Strike

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "'Immaterial' matter in a pleading is content that has no essential or important relationship to the claim for relief or the defenses being pleaded," while "'[i]mpertinent' matter is that which does not pertain, and is not necessary, to the issues in question." *Complete Distrib. Servs., Inc. v. All States Transp., LLC*, No. 3:13-cv-00800-SI, 2015 WL 1393281, at *2 (D. Or. Mar. 25, 2015) (citation, quotation marks, and brackets omitted). Ultimately, "[t]he disposition of a motion to strike is within the discretion of the district court, but such motions 'are disfavored and infrequently granted.'" *Id.* at *3 (citation omitted); *see also Capella Photonics Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (explaining that motions to strike are disfavored "'because of the limited importance of pleadings

in federal practice and because they are often used solely to delay proceedings'") (citation omitted).

## II. DISCUSSION

Defendants move to dismiss Plaintiff's claims against Shenefelt for breach of contract and violation of the OFHA, pursuant to FED. R. Civ. P. 12(b)(6); to make Plaintiff's housing discrimination claims more definite and certain, pursuant to FED. R. Civ. P. 12(e); and to strike portions of Plaintiff's complaint, pursuant to FED. R. Civ. P. 12(f). (Defs.' Mot. at 1-2.)

### A. Motion to Dismiss

#### 1. Breach of Contract

Plaintiff does not oppose Defendants' motion to dismiss the breach of contract claim against Shenefelt. (Defs.' Mot. at 2, 4.) Accordingly, the Court dismisses that claim.

#### 2. OFHA

Defendants also move to dismiss Plaintiff's OFHA claim against Shenefelt. The OFHA makes it unlawful for a "person" to discriminate against a disabled individual "resid[ing] in a dwelling" by, *inter alia*, "[r]efusing to make reasonable accommodations in rules, policies, practices or services when the accommodations may be necessary to afford the individual with a disability equal opportunity to use and enjoy a dwelling."[1] OR. REV. STAT. § 659A.145(2).

Defendants argue that Plaintiff has failed to state a claim against Shenefelt under OR. REV. STAT. § 659A.145, because Plaintiff fails plausibly to allege that Shenefelt: (1) "is a principal or owner of CCL," or (2) "assisted, induced, incited, or coerced CCL to engage in any

---

[1] The OFHA defines a "person" as, among other things, "[o]ne or more individuals, partnerships, associations, labor organizations, limited liability companies, joint stock companies, corporations, legal representatives, trustees, trustees in bankruptcy or receiver." OR. REV. STAT. § 659A.001(9)(a); *see also Dinicola v. State*, 280 Or. App. 488, 510 n.18 (2016) (stating that "[t]he definitions in ORS 659A.001 apply to all of ORS chapter 659A") (citation omitted).

alleged discriminatory activity."[2] (Defs.' Mot. at 4.) Defendants argue that Shenefelt "should not be subject to liability" under the OFHA, because the complaint "merely refers to Shenefelt's communication to Plaintiff about . . . CCL's decisions regarding" the requested accommodations. (Defs.' Mot. at 4.)

In response, Plaintiff argues that Defendants "have misstated" her allegations. (Pl.'s Opp'n at 3.) Specifically, Plaintiff disputes Defendants' suggestion that the complaint alleges that Shenefelt merely acted as CCL's agent in denying Plaintiff's requests for reasonable accommodations. (*See* Pl.'s Opp'n at 3-4.) Plaintiff argues that she has stated a plausible OFHA claim against Shenefelt because she alleges that Shenefelt is the individual who denied her initial requests for accommodation. (*See* Pl.'s Opp'n at 3-4; *see also* Compl. ¶¶ 3.14, 3.17, alleging that "Shenefelt denied Plaintiff's request for an informal conference," i.e., to discuss reasonable accommodations, on October 11, 2017, and that "Shenefelt denied Plaintiff's request for accommodation" on October 19, 2017; *cf.* Compl. ¶¶ 3.10, 3.18-.23, alleging that "Taft" or "Taft's attorney," not Shenefelt, issued and withdrew the notice and denied Plaintiff's renewed requests.)

Accepting Plaintiff's factual allegations as true and construing them in the light most favorable to her, the Court finds that Plaintiff has alleged sufficient facts to state a claim against Shenefelt for violating OR. REV. STAT. § 659A.145. Plaintiff specifically alleges that it was Shenefelt who denied her request for an informal conference on October 11, 2017, and her request for accommodation on October 19, 2017, and Plaintiff differentiates between those actions taken by Shenefelt and later actions taken by CCL through its counsel. Contrary to

---

[2] Defendants' argument is premised, in part, on OR. REV. STAT. § 659A.145(7), which makes it unlawful for a "person" to "assist, induce, incite or coerce another person to commit an act or engage in a practice that violates this section." Plaintiff does not allege a violation of subsection (7). (*See* Compl. at 1, 9.)

Defendants' characterization, Plaintiff's alleged OFHA claim against Shenefelt is not premised on Shenefelt communicating the denial of accommodation on behalf of some other decision maker. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's OFHA claim against Shenefelt. *See Shroyer*, 622 F.3d at 1041 ("[The Ninth Circuit has] held that dismissal for failure to state a claim is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory") (citation and quotation marks omitted).

      **B.**    **Motion for a More Definite Statement**

Defendants move for a more definite statement of the accommodations Plaintiff seeks in connection with her housing discrimination claims. (Defs.' Mot. at 5.)

In the complaint, Plaintiff alleges that the reasonable accommodation she requested from Defendants in late 2017 was "'an appropriate bed'" with "'either a functioning lift mechanism, a rigid side bar for bracing, or a firmer mattress.'" (Compl. ¶ 3.15.) Although Plaintiff does not specifically allege in the Complaint whether she now seeks just one, or all three, of the bed features (*see* Compl. ¶ 3.12, alleging that Plaintiff could "more easily transfer without assistance, or with at most the assistance of one person," if she was provided with "a functioning lift, grab bars, and a firmer mattress"), her allegations are not so vague that Defendants cannot reasonably prepare a response.[3]

Defendants also move for a more definite statement of Plaintiff's OFHA claim, arguing that "Plaintiff should be required to make the claims against Shenefelt and CCL more definite."

---

[3] Defendants also argue they cannot prepare a response because some accommodations "may have already been provided," or "may be unreasonable or dangerous." (*See* Defs.' Mot. at 5.) Both are potential defenses that Defendants may raise in their answer or at summary judgment. (*See* Defs.' Mot. at 5, representing that Defendants' anticipated "defenses may include allegations that some accommodations have already been provided, and the requested relief is moot.")

(Defs.' Mot. at 5.) Defendants argue there is "no indication or distinction between the alleged conduct of CCL or Shenefelt." (*Id.*) As discussed above, however, Plaintiff alleges that it was Shenefelt who initially denied her request for an informal conference and her request for accommodation, and that CCL's counsel denied her renewed requests. Plaintiff's differentiation in the complaint between the relevant actors who denied her requests for accommodation is sufficient under FED. R. CIV. P. 8.

### C. Motion to Strike

Finally, Defendants move the Court to strike several portions of the complaint, pursuant to FED. R. CIV. P. 12(f). Specifically, Defendants argue that paragraphs 3.3, 3.4, 3.11, 3.24, 3.25, and 3.26 are immaterial to Plaintiff's claims. (Defs.' Mot. at 6.) As explained below, the Court concludes that the allegations in the foregoing paragraphs are not immaterial and, therefore, should not be stricken. *See generally Complete Distrib. Servs., Inc.*, 2015 WL 1393281, at *2 (stating that "'[i]mmaterial' matter in a pleading is content that has no essential or important relationship to the claim for relief or the defenses being pleaded") (citation, quotation marks, and brackets omitted).

#### 1. Paragraphs 3.3, 3.4, and 3.11

According to Plaintiff, the allegations in paragraphs 3.3, 3.4, and 3.11 "relate to [her] emotional interests in remaining in her current housing and her fears of loss if she were removed from that housing." [4] (Pl.'s Opp'n at 11.) Plaintiff claims that these interests are "highly relevant

---

[4] In paragraph 3.3, Plaintiff alleges that "[i]ndependence and mobility are very important" to her, and that she "currently comes and goes as she pleases, often leaving the Taft to travel around the neighborhood in her wheelchair." (Compl. ¶ 3.3.) In paragraph 3.4, Plaintiff alleges her son, Mark Malicoat, "is also a resident at the Taft," that Plaintiff and Mr. Malicoat have rooms next "to one another and spend much of the day together," that another son lives nearby and visits often, and that being near her sons is "crucial to [P]laintiff's quality of life and emotional well-being." (Compl. ¶ 3.4.) In paragraph 3.11, Plaintiff alleges that she "was

PAGE 9 – OPINION AND ORDER

to [her] claims for damages for emotional harm." (Pl.'s Opp'n at 12.) Plaintiff seeks compensatory damages of $50,000, or other such amount as may be proved at trial. (Compl. at 11.)

"[A] damages action under the FHA sounds basically in tort—the statute merely defines a new legal duty, and authorizes the court to compensate a plaintiff for the injury caused by defendant's wrongful conduct." *Pac. Shores Prop., LLC v. City of Newport Beach*, 730 F.3d 1142, 1168 (9th Cir. 2013) (citation and quotation marks omitted). "Damages are available under the FHA for any unusual level of anxiety, embarrassment, or humiliation suffered by plaintiffs as a result of a defendant's discriminatory actions, and a plaintiff's testimony is sufficient to create a triable issue of fact as to such emotional distress." *Id.* at 1172 (citation omitted). Here, the challenged allegations are material to Plaintiff's claim for emotional distress damages. Accordingly, the Court denies Defendants' motion to strike these paragraphs.

### 2. Paragraph 3.24

Plaintiff alleges in paragraph 3.24 that "Taft also stated that it was not required to observe the requirements of the Fair Housing Act." (Compl. ¶ 3.24.) Defendants argue that "paragraph 3.24 mischaracterizes what were essentially settlement discussions" (Defs.' Mot. at 6), but do not provide any context to support their suggestion that Plaintiff inappropriately disclosed privileged settlement communications. Further, Defendants do not explain why Plaintiff's allegation has "no possible relation to the controversy or claims by Plaintiff." (Defs.' Mot. at 6.)

The challenged allegation provides one possible explanation for Defendants' decision to deny Plaintiff's requests for accommodation, and it is therefore not immaterial. Accordingly, the Court denies Defendants' motion to strike paragraph 3.24.

---

informed that she would likely be moved to a more restrictive facility in Gresham, Oregon." (Compl. ¶ 3.11.)

### 3. Paragraphs 3.25 and 3.26

Plaintiff argues that the allegations in paragraphs 3.25 and 3.26 relate to the reasonableness of her requested accommodations. (Pl.'s Opp'n at 12.) In paragraph 3.23, Plaintiff alleges that Taft denied her accommodation request "on the basis of its belief that the accommodation would create a risk of harm to [P]laintiff." (Compl. ¶ 3.23.) Plaintiff included paragraphs 3.25 and 3.26 to provide background on Oregon rules governing risk at residential care facilities, which Plaintiff argues may indicate that the denial of accommodations was pretextual and not based on any actual risk of harm to Plaintiff. (Pl.'s Opp'n at 12.) Defendants counter that the allegation has no relation to Plaintiff's claims, rather it "simply outline[s] a procedure that is available under state rules which neither party requested." (Defs.' Mot. at 6.)

At this early stage in the proceedings, it appears that Plaintiff's allegations regarding the rules governing residential care facilities are relevant to the reasonableness of Plaintiff's requested accommodations. Accordingly, the Court denies Defendants' motion to strike paragraphs 3.25 and 3.26.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's breach of contract claim against Shenefelt, DENIES Defendants' motion to dismiss Plaintiff's OFHA claim against Shenefelt, DENIES Defendants' motion to make Plaintiff's housing discrimination claim more definite and certain, and DENIES Defendants' motion to strike (ECF No. 8). Defendants shall file an Answer on or before March 23, 2018.

IT IS SO ORDERED.

DATED this 12th day of March, 2018.

*Stacie F. Beckerman*
―――――――――――――――
STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 11 – OPINION AND ORDER